## WEIL & BRO. VS. KITTAY.

PRACTICE: ATTACHMENT: *Order for, may contain summons:*

A writ of attachment is not invalid for containing a summons for the defendant, and garnishment clause.

ERROR to Yell Circuit Court.

Hon. W. D. JACOWAY Circuit Judge.

*W. C. Ford* for plaintiff in error.

The insertion of a summons clause in the writ of attachment by the clerk, did not invalidate it. *Sec.* 6, *Ch.* 19, *p.* 169 *Gould's Digest; Gantt's Digest, sections* 388, 389, 4616, *and* 4619.

ENGLISH, CH. J. This was a suit by attachment, brought by Weil & Brother, upon an open account, against Jacob Kittay, in the Circuit Court of Yell county, for the Dardanelle District.

After the writ of attachment, which contained a summons as well as a garnishment clause, had been levied, served and returned, it was quashed by the Court on motion of defendant Kittay, and all proceedings under it held for naught.

A personal judgment, it seems, was rendered against Kittay for the amount of the account sued on, and the plaintiffs brought error to the judgment of the Court quashing the writ of attachment, etc.

The motion to quash the writ of attachment was upon the following grounds: "Because the said writ was improperly and prematurely issued, no action having been commenced by first filing in the clerk's office of the proper court a complaint, and causing a summons to be issued thereon prior to the issuance of said writ."

It appears that at the time the suit was commenced the account sued on was not due, and that plaintiffs filed in the clerk's office (16th of November, 1880,) a complaint, bill of particulars, an affidavit that defendant had made a fraududisposition of his goods, a bond and an order of the County Judge for an attachment, the Circuit Judge being out of the county.

It also appears that on the 29th of November, 1880, the same complaint, affidavit, etc., were submitted to the Circuit Judge, and he made an order for an attachment to issue, as provided by *Sec.* 438 *Gantt's Digest*.

On the first of December, 1880, the writ of attachment which the Court quashed appears to have been issued. No separate summons for the defendant seems to have been

issued upon the complaint, but the writ of attachment commands the sheriff to attach the defendant's property, etc., and to summon him to appear at the next term of the court to answer, etc. It also contained a garnishment clause, and other separate writs of garnishment appear to have been issued and served.

His honor, the Circuit Judge, seems to have been of the opinion that a separate summons should have been issued upon the complaint, for the defendant, and that for want of it the writ of attachment was invalid, and therefore it was quashed, though it contained a summons clause.

It appears from the sheriff's return that goods were attached, and a copy of the writ of attachment, containing the summons clause, served on the defendant.

ATTACH-MENT.
Order for may contain summons.

The writ quashed was made to serve the purposes of both an attachment and a summons. Was it for that reason invalid as a writ of attachment, and properly quashed?

The court below seems to have treated the summons clause of the writ as valid, for it rendered a personal judgment against defendant, though he made no appearance to the action other than to file the motion to quash the writ of attachment.

The statute in force before the adoption of the civil code provided that a writ of attachment should contain a summons clause, (*Gould's Dig.*, chap. 17, sec. 6), and the clerk attempted to follow the old form of the writ in this case.

There is no express provision of the Code that a writ of attachment shall or shall not contain a summons clause. When the attachment is sued out after the commencement of the suit, the writs are necessarily separate; and where it is issued at the beginning of the suit there are expressions in the Code that indicate the intention of the Code-makers that a summons separate from the attachment should issue. *Gantt's Dig.*, sections 4503, 388, 392. And the

form for a writ of attachment appended to the Code, contains no summons clause. *Ib., p.* 1033.

But it is a liberal provision of the Code, in furtherance of the administration of substantial justice, that "The Court must, in every stage of an action, disregard any error or defect in the proceedings which does not effect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." *Gantt's Dig., section* 4619.

We cannot see how any substantial right of the defendant was prejudiced or impaired by inserting a summons clause in the writ of garnishment instead of issuing a separate summons. It was matter of form and not of substance, and avoided the cost of issuing an additional writ.

The judgment quashing the writ of attachment and declaring the proceedings under it null and void, must be reversed and the cause remanded to the Court below for further proceedings under the attachment branch of the suit.